UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE BECKETT                                          CIVIL ACTION

VERSUS                                                     NO. 12-910

RONAL W. SERPAS ET AL.                                     SECTION "N" (2)

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:        Defendant Ronal Serpas's Motion to Quash or, Alternatively, to Stay Deposition, Record Doc. No. 92

O R D E R E D:

XXX : DENIED, subject to the order contained herein. In this motion, defendant Ronal Serpas seeks to quash or stay his deposition until the district judge rules on his motion for summary judgment on qualified immunity grounds, Record Doc. No. 91, which has not yet been deceided. As I recognized in my previous order concerning plaintiff's written discovery to defendant Serpas, Record Doc. No. 43, when a defendant like Serpas pleads the defense of qualified immunity, he asserts immunity from suit, including "protection from pretrial discovery," rather than mere immunity to liability. Id. at pp. 7-8 (citing Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012)). Where – as here, however – plaintiff's claims have survived defendant's Rule 12(b)(6) motion on qualified immunity grounds as a pleading matter, the court "may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" Id. at p. 8 (citing Backe quoting Lion Boulos v. Wilson, 834 F.3d 645, 648 (5th Cir. 2012).

In addition, in this case Serpas's co-defendant, the City of New Orleans, is not entitled to qualified immunity. Regardless whether Serpas himself wins his qualified immunity summary judgment motion, it appears that he will remain as a key trial witness for the City, already listed in fact as the first witness named on defendants' witness list. Record Doc. No. 75. Serpas is the city's actual decision-maker concerning the policies and rules upon which plaintiff's termination from her job was allegedly based. He is also the person with ultimate responsibility for taking the disputed job action against plaintiff – the individual who actually signed her termination letter – which is the very heart of plaintiff's claims.

Thus, in this case, Serpas is not some distant or detached policy-maker with no knowledge of how those policies directly affected plaintiff. It is difficult – if not impossible – to conceive how plaintiff can reasonably be expected to prosecute her claims or rebut the City's defenses without obtaining Serpas's pretrial deposition testimony.

Under these circumstances and applying the foregoing standards, I find that Serpas's deposition must proceed, but limited to his knowledge of facts and legal rules clearly established at the time of plaintiff's termination relevant to assessing the objective reasonableness of the decision to fire plaintiff from her employment by the City of New Orleans in its Police Department.

IT IS ORDERED that counsel must confer immediately and arrange a mutually convenient date, time and place for completion of the pretrial deposition of Ronal Serpas.

New Orleans, Louisiana, this ___24th___ day of April, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. KURT ENGELHARDT