UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CATHERINE BECKETT                                           CIVIL ACTION

VERSUS                                                      NO. 12-910

RONAL W. SERPAS, et al.                                     SECTION  "N

**ORDER AND REASONS**

Presently before the Court is Defendants' "Motion for Summary Judgment" (Rec. Doc. 91).  On the showing made,  **IT IS ORDERED** that Defendants'motion is **DENIED**.

**I.  Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows  that there is no genuine dispute as to any material fact and the movant  is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Analysis

In this matter, as outlined in the parties' submissions, Plaintiff, Catherine Beckett, was terminated from employment as a New Orleans Police Department (NOPD) detective shortly after she testified on behalf of a defendant, retired NOPD Lieutenant Robert Italiano, during the November 2010 federal criminal trial regarding the September 2, 2005 death of Henry Glover. According to Defendants, Plaintiff was terminated because of her violation of certain NOPD rules. Plaintiff disagrees, and contends that Defendants terminated her employment, in violation of her First Amendment right to freedom of speech, because her testimony was favorable to the defense. Specifically, Plaintiff alleges that the stated reasons for her termination (as set forth in Defendant

Serpas' November 17, 2011 letter) "were mere pretext as defendant Serpas was well aware that [she] had violated none of [the specified NOPD rules] nor any other rules of the NOPD."[1] Plaintiff additionally contends that "Defendant Serpas maintained the employment of other NOPD officers who had actually violated rules . . . because those officers [unlike Plaintiff] testified favorably to federal prosecutors."[2]

Applying the foregoing summary judgment principles to this matter, the Court finds that material issues of genuine fact preclude a grant of summary judgment in Defendants' favor.[3] Specifically, the Court focuses on the parties' submissions regarding the absence of discipline relative to NOPD Officers Linda Howard's and Keyalah Bell's apparent failure to abide by NOPD rules, when considered together with their favorable trial testimony for the prosecution.

Defendants maintain that Howard and Bell were not disciplined because each reported information that she learned regarding the Glover shooting to NOPD supervisors and cooperated with the investigation of the crime. With respect to Howard, however, her trial testimony reveals that she did not report Officer Warren's inappropriate shooting (earlier during the day that Glover was shot) at an unarmed, non-threatening, non-suspicious man who walked across

---

[1] *See* Complaint, Rec. Doc. 1, ¶23.

[2] *Id.* at ¶25.

[3] To establish a successful claim under 42 U.S.C. §1983 claim for employment retaliation related to speech, Plaintiff must demonstrate that: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern); (3) her interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *See Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)(internal citations and quotations omitted).

a parking lot[4], and later failed to render first aid to Mr. Glover after he had been shot and lay on the ground bleeding.[5] Plaintiff also points to trial testimony from Bell, who arrived on the scene of the Glover shooting, on September 2, 2005, with Sergeant Purnella Simmons, indicating that Bell failed to gather, as evidence, a bloody t-shirt that she observed near the scene, failed to interview witnesses complaining about a police shooting, and later failed to take any action when, in 2006, she saw an inaccurate report regarding the September 2, 2005 shooting.[6]

Although Defendants urge that Defendant Serpas "had no personal knowledge of Howard or Bell's involvement in the Glover matter other than what was reported to him through the media,"[7] it is undisputed that Deputy Superintendent ("Chief") Arlinda Westbrook and/or a member of her staff, including Julie Jacobs, attended each day of the criminal trial.[8] Further, according to

---

[4] Plaintiff asserts that, if this earlier incident had been reported, and appropriate action taken in response, Glover may not have been fatally shot later that day. *See* Plaintiff's Opposition Memorandum (Rec. Doc. 101), p. 20.

[5] *See* November 10, 2010 Trial Testimony of Linda Howard, *United States v. Warren, et al.*, Criminal Action No. 10-154 (Rec. Doc. 101-12), at pp. 835-50, 896.

[6] *See* November 17, 2010 Trial Testimony of Keyalah Bell, *United States v. Warren, et al.*, Criminal Action No. 10-154 (Rec. Doc. 101-13), at pp. 1527-29, 1540, 1558-62, 1606-07; November 18, 2010 Trial Testimony of Keyalah Bell, *United States v. Warren, et al.*, Criminal Action No. 10-154 (Rec. Doc. 101-14), at pp. 1649-50, 1678-79, 1686-89.

[7] *See* Defendants' Supplemental Reply Memorandum (Rec. Doc. 128), p. 4. Defendant Serpas testified that, during the time of the 2010 criminal trial, he would "read the newspaper seven days a week" and that, as Chief, it is his "practice to keep up with the media." *See* May 8, 2013 Transcript of Deposition of Ronal W. Serpas ("Serpas Dep.")(Rec. Doc. 133-1), pp. 11-12.

[8] *Id*. at p. 3; Plaintiff's Opposition Memorandum (Rec. Doc. 101), p. 20; *see also* Serpas Dep. (Rec. Doc. 133-1), pp. 13-15, 53; April 12, 2013 Transcript of Deposition of Arlinda Westbrook ("Westbrook Dep.")(Rec. Doc. 91-20), pp. 36-38. Ms. Jacobs testified that she "was to keep [Westbrook] informed of what happened on a daily basis." *See* March 4, 2013 Transcript of Deposition of Jule Jacobs (Rec. Doc. 101-7), p. 17.

Defendant Serpas himself, Westbrook provided him daily briefings regarding the trial.[9] Although it is unclear what specific information was conveyed to Serpas on these daily occasions, the Court finds a triable issue exists with respect to whether Chief Serpas, the final policymaker for the NOPD, did not terminate, or otherwise discipline, Howard and Bell solely because they, unlike Plaintiff, provided trial testimony favoring the prosecution rather than the defense.[10]

New Orleans, Louisiana, this 12th day of June 2013.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[9] *See* Defendants' Supplemental Reply Memorandum (Rec. Doc. 128), p. 3; *see also* Serpas Dep. (Rec. Doc. 133-1), p. 53.

[10] For purposes of the instant motion, the Court is satisfied, on the showing made, and given the unique factual circumstances involved, that Plaintiff's testimony was protected by the First Amendment in that she testified as a "private citizen," rather than pursuant to her "official duties" as a police office, and addressed a matter of public concern. *See* May 22, 2012 Order and Reasons (Rec. Doc. 11), pp. 10-16; *see also Charles v. Grief*, 522 F.3d 508, 512-516 (5th Cir. 2008)(discussing elements); *Nixon*, 511 F.3d at 497-500 (same). Likewise, Plaintiff's and the public's interest in her trial testimony outweighed any affected NOPD "interest in the efficient provision of public services." *See* May 22, 2012 Order and Reasons (Rec. Doc. 11), pp. 10-16; *see also, e.g,. Charles*, 522 F.3d at 515 (discussing *Pickering* balancing test); *Nixon*, 511 F.3d 498-500 (same). Additionally, qualified immunity principles here presently offer no relief to Defendant Serpas because, as in *Charles*, whether Serpas' actions were "[objectively] reasonable depends on his real reason for firing" Plaintiff. 522 F.3d at 512. Finally, the City is charged with legal responsibility under § 1983 for any action taken by Defendant Serpas, as the final policymaker for the NOPD. *See* May 22, 2012 Order and Reasons (Rec. Doc. 11), pp. 17-19; *see also, e.g. Connick v. Thompson*, – U.S. – , 131 S. Ct. 1350, 1359 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."); *Burge v. Parish of St. Tammany,* 187 F.3d 452, 470-71 (5th Cir. 1999).