UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE BECKETT                                           CIVIL ACTION

VERSUS                                                      NO. 12-910

RONAL W. SERPAS ET AL.                                      SECTION "N" (2)

## ORDER AND REASONS ON MOTION

This is a civil rights case in which a former New Orleans police officer, Catherine Beckett, who was also involved in another case in this court that has garnered a high degree of public interest and scrutiny, challenged her firing from employment by the New Orleans Police Department. The case was recently dismissed, and numerous documents in this court's record since dismissal of plaintiff's interlocutory appeal on September 12, 2013, have been placed under seal by orders of the presiding district judge. Record Doc. Nos. 149-61, 164-82.

Capital City Press d/b/a The Advocate filed a Motion to Intervene and Determine Basis for Sealing Documents, Record Doc. No. 189, which is pending before me. Plaintiff has no opposition to the motion, but defendants, the City of New Orleans and its Police Superintendent Ronal Serpas, filed a timely opposition memorandum. Record Doc. 194. Having considered the written submissions of the parties, the record and the applicable law,

**IT IS ORDERED** that the motion is granted insofar as it seeks leave to intervene and dismissed without prejudice insofar as it seeks reasons why the documents have been

sealed, so that the latter part of the motion may be reurged before the presiding district judge who sealed the documents.

Intervention is governed by Fed. R. Civ. P. 24 and is characterized in either of two ways.  Intervention <u>of right</u> is governed by Rule 24(a), which states:

> On timely motion, the court must permit anyone to intervene who:  (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.  <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted); <u>Ross</u>, 426 F.3d at 753; <u>Heaton v. Monogram Credit Card Bank</u>, 297 F.3d 416, 422 (5th Cir. 2002); <u>Ford v. City of Huntsville</u>, 242 F.3d 235, 239 (5th Cir. 2001); <u>Edwards v. City of Houston</u>, 78 F.3d 983, 1000 (5th Cir. 1996); <u>Espy</u>, 18 F.3d at 1204-05, 1207 (quoting <u>Piambino v. Bailey</u>, 610 F.3d 1306, 1321 (5th Cir. 1980)).

As to <u>permissive</u> intervention, Fed. R. Civ. P. 24(b) provides in pertinent part:

(1)  In General.  On timely motion, the court may permit anyone to intervene who:
>     (A) is given a conditional right to intervene by a federal statute;
>     <u>or</u>
>     (B) has a claim or defense that shares with the main action a common question of law or fact.
>                          *     *     *
(3)  Delay or Prejudice.  In exercising its <u>discretion</u>, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).  "Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'" <u>Ross v. Marshall</u>, 426 F.3d 745, 753 (5th Cir. 2005) (quoting <u>Sierra Club v. Espy</u>, 18 F.3d 1202, 1205 (5th Cir. 1994).

Both permissive interventions and interventions of right may be permitted only "upon <u>timely</u> application," Fed. R. Civ. P. 24(a) (emphasis added), because "the requirement of timeliness applies whether intervention is sought as a matter of right or as a matter of discretion."  7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1916 at 527-28 (3d ed. 2007).  The concept of "timeliness" in connection with motions for leave to intervene is a flexible one, which is left to the sound discretion of the trial court.  <u>Id.</u> at 529 (citing <u>Grubbs v. Norris</u>, 870 F.2d 343, 345 (6th Cir. 1989); <u>Holland v. Sterling Enters., Inc.</u>, 777 F.2d 1288, 1293 (7th Cir. 1985); <u>McDonald v. E.J. Lavino Co.</u>, 430 F.2d 1065, 1074 (5th Cir. 1970)); <u>accord</u> <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d at 248.  "'The requirement of timeliness is not a tool

of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" <u>Heaton v. Monogram Credit Card Bank</u>, 297 F.3d 416, 422 (5th Cir. 2002) (quoting <u>Espy</u>, 18 F.3d at 1205). "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." <u>Espy</u>, 18 F.3d at 1205<u>; accord</u> <u>Heaton</u>, 297 F.3d at 422.  "A court should ignore 'how far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action . . . [, and] the likelihood that intervention may interfere with the orderly judicial processes.'" <u>American V Ships Ltd. v. Norica Eng'g Servs.</u>, 34 F. App'x 151, 2002 WL 496377, at *3 (5th Cir. 2002) (quoting <u>John Doe # 1 v. Glickman</u>, 256 F.3d 371, 376 (5th Cir. 2001)).

When determining whether a motion to intervene is timely, a court must consider the following four factors:  (1) how long the potential intervenor knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when he knew or reasonably should have known of his stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.  <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d at 247-48 (citing <u>Stallworth v. Monsanto Co.</u>, 558 F.2d 257, 263-66 (5th Cir. 1977)); <u>Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.</u>, 346 F.3d 552, 560-61 (5th Cir. 2003). "These factors are 'not a formula for determining

4

timeliness;' instead, it should be determined based on all the circumstances." Id. at 561 (quoting Glickman, 256 F.3d at 376).

Applying the foregoing standards, I find that The Advocate should be permitted to intervene, regardless whether its intervention is characterized as "of right" or "permissive," for the following reasons.

As an initial matter, I find that The Advocate timely sought to intervene. Although the case has been pending in this court for more than one year-and-a-half, nothing in this court's record was sealed until less than three months ago, when plaintiff's interlocutory appeal was dismissed. The most recent sealing orders were entered only weeks ago, the last of which on the same day of filing of the motion to intervene. It is entirely unclear what prejudice, if any, defendants may suffer if the intervention is permitted, and the opposition memorandum makes no effort to establish any. Plaintiff asserts no prejudice whatsoever. On the other hand, the potential intervenor would suffer severe prejudice to its ability to effectuate the important First Amendment rights it asserts if its intervention is prevented. Under these circumstances, the motion to intervene is timely.

As to the other Rule 24 requirements, I find that The Advocate asserts an intervention both of right and that should be permissively granted. The Advocate asserts a direct, substantial and legally protectable interest in pursuing access to the presumptively public court's record. This important interest has particular application to this lawsuit involving a public entity that collects and spends tax dollars and individuals who either

presently or formerly occupied public offices.  In <u>In re High Sulfur Content Gasoline Prods.</u>

<u>Liab. Litig.</u>, 517 F.3d 220, 230 (5th Cir. 2008), the Fifth Circuit stated:

> [A] district court has the discretion to seal a record, "but we think that
> this discretion should be used with care and exercised only where the
> justifications for doing so appear . . . strong. . . . As the Third Circuit has
> noted, "[p]ublic confidence [in our judicial system] cannot long be
> maintained where important judicial decisions are made behind closed doors
> and then announced in conclusive terms to the public, with the record
> supporting the court's decision sealed from public view."

<u>Id.</u> (quoting <u>In re EEOC</u>, 709 F.2d 392, 402 n.7 (5th Cir. 1983); <u>United States v. Cianfrani</u>,

573 F.2d 835, 851 (3d Cir. 1978)).

Public concerns are especially significant when considering whether to prevent

disclosure of litigation matters that involve a government party.  "The public's interest is

particularly legitimate and important where . . . at least one of the parties to the action is

a public entity or official."  <u>Pansy</u>, 23 F.3d at 784.  Moreover, "privacy interests are

diminished when the party seeking protection is a public person subject to legitimate public

scrutiny.  '[T]he public has a substantial interest in the integrity or lack of integrity of those

who serve them in public office.'"  <u>Id.</u> at 787 (quoting <u>United States v. Smith</u>, 776 F.2d

1104, 1114 (3d Cir. 1985)).

> A factor which a court should consider in conducting the good cause
> balancing test is whether a party benefitting from the order of confidentiality
> is a public entity or official. Similarly, the district court should consider
> whether the case involves issues important to the public. If [litigation]
> involves issues or parties of a public nature, and involves matters of
> legitimate public concern, that should be a factor weighing against entering
> or maintaining an order of confidentiality.

<u>Id.</u> at 788 (citing <u>Federal Trade Comm'n v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 412 (1st Cir. 1987)); <u>accord</u> <u>Securities & Exchg. Comm'n v. Van Waeyenberghe</u>, 990 F.2d 845, 848-49 (5th Cir. 1993); <u>Jaufre v. Taylor</u>, 351 F. Supp. 2d 514, 518 (E.D. La. 2005) (Vance, J.); <u>Marcus v. St. Tammany Parish Sch. Bd.</u>, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (Clement, J.).

News agencies like The Advocate have a particular interest in the sealing of public matters in a court record which may be impaired or impeded if intervention is not allowed. In <u>Ford v. City of Huntsville</u>, 242 F.3d 235, 239-41 (5th Cir. 2001), the Fifth Circuit reversed a district court ruling denying a local newspaper's motion to intervene to challenge a court confidentiality order, finding that the newspaper's intervention was "of right." In <u>Davis v. East Baton Rouge School Board</u>, 78 F.3d 920, 926 (5th Cir. 1996), the Fifth Circuit cited a long list of appellate decisions that "news agencies have standing to challenge confidentiality orders in an effort to obtain information or access to judicial proceedings, although they are neither parties to the litigation nor restrained directly by the orders." <u>See</u> <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 777 (3rd Cir. 1994); <u>In re Application of Dow Jones & Co., Inc.</u>, 842 F.2d 603, 608 (2nd Cir. 1988); <u>Journal Publishing Co. v. Mechem</u>, 801 F.2d 1233, 1235 (10th Cir. 1986); <u>Radio & Television News Ass'n v. United States Dist. Court</u>, 781 F.2d 1443, 1445 (9th Cir. 1986); <u>United States v. Gurney</u>, 558 F.2d 1202, 1206 (5th Cir. 1977); <u>CBS Inc. v. Young</u>, 522 F.2d 234, 238 (6th Cir. 1975)). Thus, the sealing of judicial proceedings presents an "obstacle to [The Advocate's] attempt to obtain access;" therefore, its claim concerns a direct,

7

substantial and legally protectable interest.  State Farm Fire & Cas. Co. v. Hood, 266

F.R.D. 135, 142 (S.D. Miss. 2010) (see Arizonans for Official English v. Arizona, 520 U.S.

43, 64 (1997).  In this case, like those cited above, The Advocate's ability to protect its

rights, which arise directly in the underlying dispute, will certainly be prejudiced if it is not

allowed to intervene. The right to access is not asserted by the existing parties, who neither

adequately represent The Advocate's interest, and – in defendants' case – actively

oppose it.

        For all of the foregoing reasons, The Advocate is granted leave to intervene.  **IT IS**

**ORDERED** that The Advocate must file and serve its intervening complaint in this case,

fully setting out its claims and the relief it seeks, no later than **December 18, 2013**.

        The motion is dismissed without prejudice insofar as it requests "reasons for the

sealing of certain documents in this action – as well as a general description of each such

document – in order that it can then determine whether to seek to have any or all of these

documents unsealed."  Record Doc. No. 189-1.  Any request for reasons to support the

sealing orders or descriptions of the sealed documents must be made by separate motion,

noticed for submission before the presiding district judge who entered the sealing orders.

        New Orleans, Louisiana, this ___11th___ day of December, 2013.


                                 _____
                                         JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE


                                             8